IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| OCTAVIUS DEMONNE COUNTS, SR., | 8:21CV338 |
| Plaintiff, | |
| vs. | **MEMORANDUM AND ORDER** |
| SPAR GROUP, INC., | |
| Defendant. | |

Plaintiff, a non-prisoner, has been granted leave to proceed in forma pauperis. (Filing 5.) The court now conducts an initial review of Plaintiff's Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I.  SUMMARY OF COMPLAINT

Plaintiff alleges he was seriously injured on July 12, 2021, while working as an independent contractor alongside members of Defendant's team of workers, restocking canned soups at a Walmart Supercenter in Omaha, Nebraska. Plaintiff alleges he was injured when an unknown number of cases of overstock soup cans fell on him from a higher shelf while he was on his hands and knees stocking the bottom shelf. Plaintiff claims the injury occurred because Defendant's senior project coordinator ordered one of his team members to touch the overstock shelf while Plaintiff was in this vulnerable position, and he failed to give Plaintiff any warning.

## II.  APPLICABLE STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

### III. DISCUSSION

Liberally construing the allegations of Plaintiff's Complaint, he is asserting a state-law negligence claim. For the court to exercise original jurisdiction, the action must be between citizens of different states and the amount in controversy must exceeds the sum of $75,000. 28 U.S.C. § 1332(a)(1).

Plaintiff alleges he is a Nebraska citizen, while Defendant is a Delaware corporation which has its principal place of business in Michigan. Accepting these allegations as true, diversity of citizenship exists.

Plaintiff seeks damages of $115 million. This amount may be unrealistically high, but, based solely on its review of the pleadings, the court cannot state to a legal certainty that Plaintiff's claim is worth less than $75,000.00. "A complaint that alleges the jurisdictional amount in good faith will suffice to confer jurisdiction, but the complaint will be dismissed if it appears to a legal certainty that the claim is really for less than the jurisdictional amount. The legal certainty standard is met where the legal impossibility of recovery is so certain as virtually to negative the plaintiff's good faith in asserting the claim." *Peterson v. The Travelers Indem. Co.*, 867 F.3d 992, 995 (8th Cir. 2017) (cleaned up). Because it is not a legal impossibility

for Plaintiff to recover at least $75,000.00 for his claimed injuries, this case my proceed. *See id.* (finding district court had jurisdiction despite lack of factual allegations); *Cairns v. Kozel*, No. 8:20CV162, 2020 WL 7645439, at *3 (D. Neb. Dec. 23, 2020).

The court also finds as a preliminary matter that Plaintiff's factual allegations are sufficient to state a plausible claim for negligence. Consequently, this matter will proceed to service of process and will be removed from the pro se docket. *See* General Order No. 2020-01, ¶ 6 ("The supervising pro se judge will enter a standard text-only order directing the clerk's office to remove a case from the pro se docket when the court has entered an order directing service of process and no plaintiff in the case is incarcerated.").

Plaintiff recently filed a subpoena for service on Walmart to produce a video recording of the incident and to permit an inspection of the premises. (Filing 6.) Treating this filing as a motion, it will be denied for lack of a proper showing of need for expedited discovery. *See* General Order No. 2020-01, ¶ 18 ("No discovery in pro se civil cases assigned to a district judge may take place until a progression order is entered unless the court's [sic] orders otherwise. Requests to engage in discovery before the court enters the progression order must be made by motion.").

## IV. CONCLUSION

The court concludes that Plaintiff's Complaint is not subject to preservice dismissal under 28 U.S.C. § 1915(e)(2). Plaintiff should understand that the court has made no determination on the merits of his claim, however, and that Defendant is not precluded from asserting any defenses it may have.

IT IS THEREFORE ORDERED:

1. This matter may proceed to service of process. To obtain service of process on Defendant, Plaintiff must complete and return the summons form that the Clerk of Court will provide. The Clerk of Court shall send one summons form and one USM-285 form to Plaintiff, together with a copy of this Memorandum and Order. Plaintiff shall, as soon as possible, complete the forms and send the completed forms back to the Clerk of Court. Otherwise, service of process cannot occur.

2. Upon receipt of the completed forms, the Clerk of Court will sign the summons form and forward it together with one copy each of the Complaint (Filing 1) and this Memorandum and Order to the United States Marshals Service for service of process on Defendant.[1] The Marshals Service shall serve the Defendant using any of the methods authorized by Fed. R. Civ. P. 4(h) for service on a corporation.

3. The United States Marshal shall serve all process in this case without prepayment of fees from Plaintiff.

4. Federal Rule of Civil Procedure 4(m) requires service of the complaint on a defendant within 90 days of filing the complaint. However, Plaintiff is granted, on the court's own motion, an extension of time until 90 days from the date of this order to complete service of process.

5. Plaintiff's subpoena (Filing 6), treated as a motion, is denied without prejudice.

6. Because this non-prisoner case is proceeding to service of process, and at the direction of the court, this case is removed from the pro se docket. The clerk's office shall randomly assign new judges to this case and request a reassignment order from the Chief Judge.

Dated this 22nd day of September 2021.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge

---

[1] Pro se litigants proceeding in forma pauperis are entitled to rely on service by the United States Marshals Service. *Wright v. First Student, Inc.*, 710 F.3d 782, 783 (8th Cir. 2013). Pursuant to 28 U.S.C. § 1915(d), in an in forma pauperis case, "[t]he officers of the court shall issue and serve all process, and perform all duties in such cases." *See Moore v. Jackson*, 123 F.3d 1082, 1085 (8th Cir. 1997) (language in § 1915(d) is compulsory).