IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

OCTAVIUS DEMONNE COUNTS, SR.,

Plaintiff,

vs.

SPAR GROUP, INC.

Defendant.

8:21CV338

MEMORANDUM AND ORDER

This matter is before the Court on the pro se plaintiff's, Octavius Demonne Counts, Sr.'s, objection, Filing No. 33, to the findings and recommendation of the magistrate judge, Filing No. 32, granting in part and denying in part his motion to amend his complaint, Filing No. 29. For the reasons stated herein, the Court adopts the magistrate judge's findings and recommendation in full.

Plaintiff Counts alleged a state-law negligence claim against Defendant for an injury he sustained at a Walmart Supercenter in Omaha, Nebraska when canned goods fell from an upper shelf and struck the Counts while he re-stocked the lower shelf, Filing No. 1. As an initial matter, while Counts referred to the Defendant as "Spar Group Inc.," Defendant, in its answer and response to Counts' objection, notes that its proper full name is "Spar Marketing Force, Inc." ("SMF"). Filing No. 14; Filing No. 36 at 3 n.1. Thus, the Court will refer to Defendant as SMF.

1

Counts originally alleged that an SMF supervisor ordered an SMF employee to touch the shelf which caused cans to fall, resulting in Counts's injury. *Id.* However, it later came to light that the supervisor was not an SMF employee, but a Walmart employee. Filing No. 25. Accordingly, Counts moved to amend his complaint to include Walmart Inc. ("Walmart") as an additional defendant in the present case and to amend his allegations against SMF. Filing No. 29.

In addressing Counts's motion to amend his complaint, Filing No. 29, the magistrate judge made two recommendations, Filing No. 32. First, the magistrate judge recommended that Counts be allowed to amend the "pre-incident" claims against SMF to include Walmart as an additional defendant. Second, the magistrate judge recommended dismissal of Counts's "post-incident" claims against both SMF and Walmart concerning an omission to investigate and report the accident *after* it happened.[1]

A district court reviews de novo those portions of a magistrate's order that are objected to by a party. *Grinder v. Gammon*, 73 F.3d 793, 792 (8th Cir. 1996). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1). A district court may reconsider a magistrate judge's ruling where it has been shown that the ruling is clearly erroneous or contrary to law. *Ferguson v. United States*, 484 F.3d 1068, 1076 (8th Cir. 2007) (citing 28 U.S.C. § 636(b)(1)(A) (2006)).

---

[1] Following his objection to the findings of the magistrate judge, Filing No. 33, Plaintiff attempted to file a second amended complaint, Filing No. 34. The magistrate judge struck this attempted second amended complaint because Counts filed it without leave of Court. Filing No. 38. Thus, the Court rules only on the findings and recommendation as related to Counts's motion to file an amended complaint. Filing No. 29.

This Court has reviewed the record and finds the magistrate judge's recommendations should be adopted in their entirety. In his pre-incident claims, Counts alleges that both SMF and Walmart owed a duty of care to him and breached such duty, resulting in his injuries. As the magistrate judge indicated, Filing No. 32 at 6, and as this Court agrees, Counts has sufficiently pleaded the elements of negligence as to the pre-incident conduct of both SMF and Walmart.[2]

On the matter of the post-incident claims, however, the Court agrees with the magistrate judge that Counts has failed to state a plausible claim to relief. Counts argues that by failing to investigate and report the incident after it occurred, SMF and Walmart have breached either a statutory duty or a common-law duty of care to the Plaintiff. Filing No. 30. The magistrate judge correctly determined there is no statutory duty to investigate and that any common-law negligence claim fails as to the post-incident allegations because Counts has not and cannot allege breach of a duty of care or any causal connection. Filing No. 32 at 8.

Counts objects to the magistrate judge's findings and recommendations. Filing No. 33. He seems to argue that some sort of new evidence has been discovered concerning the locations of Walmart or SMF employees at the time of the incident, and that Walmart employees also played a role in the alleged incident. *Id.*

Counts's objections do not allege which parts of the magistrate judge's order he takes issue with. With respect to his objection relating to new evidence, Counts does not claim this new evidence would in any way alter the magistrate judge's analysis. Second,

---

[2] Nebraska state law negligence claims require the plaintiff to plead a legal duty owed by the defendant to the plaintiff, a breach of such duty, causation, and damages. *Bell v. Grow with Me Childcare & Preschool, LLC*, 907 N.W. 2d 705, 713 (Neb. 2018).

Counts argues that Walmart should be included in the case, but the magistrate judge in fact recommended adding Walmart as an additional defendant as to the pre-incident claim. See Filing No. 32 at 9. Therefore, it is unclear what Counts's objection to the recommendation is. Accordingly, Counts's objection to the findings and recommendation of the magistrate judge, Filing No. 33, is denied.

The Court finds Counts has sufficiently pleaded pre-incident claims against both SMF and Walmart. Therefore, Counts's motion to amend his complaint, Filing No. 29, is granted in part to allow Counts to include Walmart as an additional defendant in the alleged pre-incident claims. The post-incident claims against both SMF and Walmart are dismissed for the reasons described herein.

THEREFORE, IT IS ORDERED that:

1. The Clerk of the Court is ordered to recaption the defendant, currently SPAR Group, Inc., as Spar Marketing Force, Inc., in accordance with Defendant's representation that that is its full proper name, Filing No. 36 at 3 n.1;

2. The findings and recommendation of the magistrate judge, Filing No. 32, is adopted in full;

3. Counts's objection to the findings and recommendation of the magistrate judge, Filing No. 33, is overruled;

4. Counts's motion to amend his complaint, Filing No. 29, is granted in part to allow his pre-incident claims against both SMF and Walmart as described herein and in Filing No. 32. The remaining portions of Counts's motion for leave to amend his complaint are denied. Counts' amended complaint, Filing No. 29, as amended by this Order, is deemed filed.

5. The Court will give Counts 60 days to effectuate service on Walmart. The Clerk of Court shall send one summons form and one USM-285 form to Plaintiff, together with a copy of this Memorandum and Order. Counts shall complete the forms and send the completed forms back to the Clerk of Court. The Clerk of Court will sign the summons form and forward it together with one copy of each of the Amended Complaint, Filing No. 29, and this Memorandum and Order to the United States Marshals Service for service of process on Defendant Walmart. The United States Marshal shall continue to serve all process in this case without payment or fees from Counts.

Dated this 28th day of July, 2022.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge