IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

OCTAVIUS DEMONNE COUNTS SR.,

Plaintiff,

vs.

SPAR MARKETING FORCE, INC., and
WAL-MART STORES, INC.,

Defendants.

8:21CV338

MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's motion to compel. Filing No. 110. Plaintiff seeks to compel responses to interrogatories and requests for admission served on Defendants on or about November 30, 2023.[1] *Id*. Additionally, Plaintiff generally seeks to take depositions he "previously asked for" and depositions of witnesses he contends are newly identified. *Id*.

BACKGROUND

This case was filed on September 1, 2021, by Octavius Counts, Sr., a pro se litigant proceeding in forma pauperis. Filing No. 5. After various pleading amendments and motion practice, the Court issued an initial progression order on March 24, 2023. Filing No. 68. The initial progression order did not set out any

---

[1] The Defendants were originally unable to access the requests sent via email, but this issue was eventually resolved by both Defendants with the Plaintiff's assistance.

1

case deadlines but scheduled a settlement conference with the parties for August 22, 2023. *Id*. This settlement conference was later canceled. Filing No. 84.

On September 26, 2023, the Court entered the final progression order setting case progression deadlines including a deadline to complete written discovery, motions to compel, and depositions. Filing No. 87. Within the deadline prescribed by the final progression order, on November 30, 2023, Plaintiff allegedly served Defendants with interrogatories and requests for admission. Filing No. 94, 112-1. No party contact the Court regarding any discovery disputes prior to the motion to compel deadline of February 9, 2024. Filing No. 87.

The Court held a status conference with the parties on August 13, 2024, six months after the motion to compel deadline. Filing No. 107. At that time, Plaintiff indicated he had outstanding written discovery requests that Defendants had not completed and depositions yet to take. *Id*. On the Plaintiff's motion, the Court reopened the deadline and ordered that motions to compel be filed on or before August 20, 2024. Filing No. 108. Additionally, the Court granted Walmart Stores, Inc.'s motion and extended the unexpired deadline to file motions for summary judgment and motions to exclude testimony on *Daubert* and related grounds to September 13, 2024. *Id*.

Plaintiff then filed the present motion seeking to compel responses to interrogatories and requests for admission served on Defendants and take depositions he "previously asked for" and depositions of witnesses he contends are newly identified. Filing No. 110. As part of his motion, Plaintiff includes a copy of the email he sent to Defendants' counsel requesting discovery but does not include a copy of the actual discovery requests. Filing No. 112-1.

Defendants oppose the present motion arguing that Plaintiff's discovery requests are directed to non-parties and Plaintiff failed to notice any depositions. Filing Nos. 116 and 118.

Throughout the pendency of this case, the Court has counseled Plaintiff on the discovery process and the importance of following the Federal Rules of Civil

2

Procedure and the Local Rules of this Court. Filing No. 67 (audio file); Filing No. 89 (audio file). In fact, this Court provided Plaintiff with a copy of the Federal Rules of Civil Procedure and Local Rules at the time it entered the Final Progression Order. Filing No. 89 at 28:30 (audio file).

ANALYSIS

Under Federal Rule of Civil Procedure 33, interrogatories may be served on any other party and must be answer by the party to whom they are directed or, if the party is a corporation, by an officer or agent of that corporation. Fed.R.Civ.P. 33.

While Plaintiff did not attach a copy of his discovery requests, the evidence before the Court indicates he directed his requests to the following individuals: Jerveris Nelson, Linda Kahele, Richard Bailey,[2] Theresa Shafer, Roy Eason, Lavoris Burse, Ebone Grier, and Merisa Pernice. Filing Nos. 112-1;117-1. None of these individuals are parties to the present lawsuit. Defendants, or the non-parties, have no obligation to answer the interrogatories. If Plaintiff sought information from non-parties, he should have sought their deposition. *See* Fed. R. Civ. P. 30 and 31; *Webb v. Streeter*, No. 4:21CV3058, 2022 WL 993172, at *3 (D. Neb. Apr. 1, 2022). Therefore, Plaintiff's motion to compel interrogatory responses from Defendants is denied.

Further, Plaintiff now seeks to take depositions he "previously asked for" and depositions of witnesses he contends are newly identified. Filing No. 110. Plaintiff does not include as part of his motion, nor has he previously filed, any notice of depositions. *See* Fed.R.Civ.P. 30(b)(1). Plaintiff also does not identify any new witnesses he contends were previously unknown to him. The deadline for all parties to complete depositions was July 24, 2024. Filing No. 87. By mutual

---

[2] Richard Bailey is a former employee of Walmart associate and Walmart served its objections to Plaintiff out of "an abundance of caution." Filing Nos. 116; 117-1.

agreement, the parties extended this deadline to complete the deposition of Linda Kahele on August 13, 2024. *See* Filing Nos. 104; 107.

Under these facts, the Court will not compel Defendants to produce any individuals for deposition or order non-parties be deposed. Additionally, where Plaintiff has not attempted to take any depositions in the time set out by the final progression order, and only brings the matter to the Court's attention after the deposition deadline has expired, the Court finds Plaintiff has not demonstrated good cause to reopen the deposition deadline. Fed.R.Civ.P. 16(b)(4) (a case management order "may be modified only for good cause and with the judge's consent."); *Marquis Energy, LLC v. PVD Lender*, LLC, No. 8:21CV426, 2023 WL 3319729, at *2 (D. Neb. May 9, 2023) (noting "the movant's level of diligence and the degree of prejudice to the parties are both factors to consider when assessing if good cause warrants extending a case management deadline, with the movant's diligence [in attempting to meet the order's requirements] being the first consideration and the extent of prejudice to either party considered only *after* the movant makes a showing of due diligence.").

Accordingly,

IT IS ORDERED:

Plaintiff's motion to compel, Filing No. 110, is denied.

Dated this 11th day of September, 2024.

BY THE COURT:

*s/ Jacqueline M. DeLuca*
United States Magistrate Judge